```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

KEVIN ANDERSON,

                Petitioner,         **DECISION AND ORDER**
                                                        **No. 11-CV-6633(MAT)**

   - vs -

Sup. Mr. GRIFFEN,

                Respondent.
```
_____
```

## I. Introduction

Pro se petitioner Kevin Anderson ("Anderson" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his constitutional rights. Anderson is incarcerated pursuant to a judgment entered against im on June 22, 2009, following a jury verdict in Supreme Court of New York State (Erie County) convicting him of multiple counts of murder and attempted first degree robbery.

## II. Factual Background and Procedural History

Petitioner, along with co-defendants Asia Davis ("Davis") and David Dixon ("Dixon") were indicted by an Erie County grand jury in connection with the death of Joseph Kuhn ("Kuhn"). The charges arose from allegations that on February 3, 2007, Petitioner, Dixon, and Davis attempted to rob Kuhn, and in the course of the robbery, caused Kuhn's death. The indictment alleged that Anderson and Dixon possessed and displayed a shotgun and that Anderson intended to cause Kuhn's death by shooting him. Petitioner was charged with two

counts of second degree murder (N.Y. Penal Law ("P.L.") §§ 125.25(1), 125.25(3), 20.00), two counts of attempted first degree robbery (P.L. §§ 110/160.15(1), 20.00; 110/160.15(4), 20.00), and one count of fourth degree criminal possession of a weapon (P.L. § 265.01(2), 20.00). Dixon was not charged with intentional murder but instead only was charged with felony murder.

Dixon and Davis agreed to cooperate with the prosecution and testify against Petitioner. The theory of the defense was that Dixon and Davis were a couple at the time, and that the sex-for-money relationship between Davis and Kuhn prompted Dixon to murder Kuhn in a jealous rage. Following a jury trial, Petitioner was convicted as charged in the indictment.

On June 22, 2009, Petitioner was sentenced to concurrent indeterminate terms of 25 years to life on each of the murder convictions (class A-1 felonies); concurrent determinate terms of 15 years plus five years of post-release supervision on the attempted robbery convictions (class C felonies); and a definite one-year term on the weapons-possession conviction (a misdemeanor). All sentences were set to run concurrently with each other.

By an order dated December 30, 2010, the Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed Petitioner's conviction. People v. Anderson, 79 A.D.3d 1738 (2010). By an order dated April 19, 2011, the New York Court

of Appeals denied leave to appeal. People v. Anderson, 16 N.Y.3d 862 (2011).

This timely habeas petition followed in which Petitioner asserts the following grounds for relief: (1) the evidence was legally insufficient to establish that Petitioner was the perpetrator; (2) the verdict was against the weight of the evidence; (3) trial counsel was ineffective; (4) the sentence was harsh and excessive; and (5) the prosecutor committed misconduct on summation.

For the reasons discussed below, Anderson's request for a writ of habeas corpus is denied, and the petition is dismissed.

**III. Discussion**

**A. Legal Insufficiency of the Evidence**

Petitioner argues, as he did on direct appeal, that the prosecution failed to adduce legally sufficient evidence to prove beyond a reasonable doubt that he was the individual who shot Kuhn. The Appellate Division held that Petitioner failed to preserve for its review his contention that the conviction is not supported by legally sufficient evidence. People v. Anderson, 79 A.D.3d at 1738 (citing, inter alia, People v. Gray, 86 N.Y.2d 10, 19 (1995)).

As Respondent argues, the claim is procedurally defaulted because the Appellate Division relied upon an adequate and independent state ground to dismiss it. See Coleman v. Thompson, 501 U.S. 722, 729 (1991) (A habeas court may not review a federal

issue when, as here, the latest state court's ruling on the claim rested upon "a state law ground that is independent of the federal question and adequate to support the judgment."). Here, the state ground clearly was "independent" of any federal basis for adjudicating the claim, as the Appellate Division relied solely on Petitioner's non-compliance with the preservation rule.

Turning to the issue of "adequacy," only a "firmly established and regularly followed state practice" may be interposed by a state to prevent subsequent review of a federal constitutional claim. James v. Kentucky, 466 U.S. 341, 348-49 (1984); see also Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (citing Lee v. Kemna, 534 U.S. 362, 366 (2002)). Under New York law, an objection to the legal sufficiency of the evidence takes the form of a motion to dismiss. People v. Thomas, 36 N.Y.2d 514, 516-17 (1975). The motion must be made in order for an insufficient evidence claim to be preserved for review, and the motion must be made "at the close of the People's case." Thomas, 369 N.Y.S.2d 645, 330 N.E.2d 609. New York courts have consistently held that a general motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged. People v. Gray, 86 N.Y.2d at 20–22.

The New York procedural rule applied by the Fourth Department in Petitioner's case–that a defendant must preserve a claim of legally insufficient evidence by making a timely and specific

motion for a trial order of dismissal–has been recognized by habeas courts in this Circuit as such a firmly established and regularly followed rule. E.g., Baker v. Kirkpatrick, 768 F. Supp.2d 493, 500 (W.D.N.Y. 2011) (holding that Appellate Division's reliance on People v. Gray, supra, to dismiss insufficiency-of-the-evidence claim as unpreserved was an adequate and independent state ground); see also Garcia v. Lewis, 188 F.3d 71, 79 82 (2d Cir. 1999) (recognizing that New York has a well-established preservation rule that is regularly followed in a number of contexts).

Furthermore, the rule was not exorbitantly or arbitrarily applied in Anderson's particular case. Trial counsel failed to move for a trial order of dismissal, as he was required to do in accordance with New York case law. Application of the state's preservation rule was "adequate [in Anderson's case]—i.e., firmly established and regularly followed." Garvey, 497 F.3d at 219.

Petitioner can obtain federal habeas review of his procedurally defaulted claim only if he demonstrates either (1) cause for the default and actual prejudice; or (2) that this Court's failure to consider his claim would result in a fundamental miscarriage of justice because Petitioner is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner did not submit a traverse to Respondent's answer, and has not countered Respondent's procedural default argument. On this record, the Court finds that Petitioner is unable to make the required showing of

cause and prejudice. Although Petitioner contends, in connection with his legal-insufficiency and weight-of-the-evidence arguments that the trial evidence failed to establish he was the shooter, that is insufficient to meet the "actual innocence" standard. See Doe v. Menefee, 391 F.3d 147, 162 (2d Cir. 2004) ("As Schlup [v. Delo, 513 U.S. 298 (1995)], makes clear, the issue before such a court is not legal innocence but factual innocence."). Thus, the legal-insufficiency claim remains subject to an unexcused procedural default and is dismissed on that basis.

**B.  Verdict Against the Weight of the Evidence**

Petitioner contends, as he did on direct appeal, that the verdict was against the weight of the credible evidence. The Appellate Division summarily rejected the claim as without merit.

A "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, see N.Y. CRIM. PROC. LAW § 470.15(5), whereas a legal insufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Because Petitioner's weight of the evidence claim implicates only state law, it is not cognizable in this federal habeas proceeding. See 28 U.S.C. § 2254(a); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas corpus review is not available where there is simply an alleged error of state law). Therefore, Petitioner's claim is dismissed as not cognizable. See, e.g., Scission v. Lempke, 784 F. Supp.2d 237, 243 (W.D.N.Y. 2011)

(dismissing habeas petitioner's claim that the verdict was against the weight of the evidence as not cognizable because it raised solely a question of state law) (citations omitted).

**C. Ineffective Assistance of Trial Counsel**

Petitioner here renews the claims he brought on direct appeal against his trial attorney. The Appellate Division summarily concluded that Petitioner received the effective assistance of counsel.

The two-pronged standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687–88, 693–94 (1984), requires showing both that the attorney's conduct fell below an objective standard of reasonableness under prevailing professional norms, and that "but for" the unprofessional conduct, there was a reasonable probability of a more favorable result. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

With regard to the failure of trial counsel to preserve a legal-insufficiency argument for appeal, the Court concludes that Anderson cannot demonstrate prejudice because the Appellate Division reviewed his weight-of-the-evidence claim on the merits. See Sides v. Senkowski, 281 F. Supp.2d 649, 660 n.6 (W.D.N.Y. 2003) ("[I]n denying the weight of the evidence claim, the Appellate Division implicitly decided Sides's insufficiency of the evidence claim on the merits. See Bleakley, 69 N.Y.2d at 495, 515 N.Y.S.2d

761, 508 N.E.2d 672 (in determining whether verdict is against the weight of evidence, the appellate court's analysis proceeds beyond asking whether there is any valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury to weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony at trial)).

In support of his second contention concerning trial counsel's performance, Anderson states that the "police took a statement from . . . co-defendant David Dixon; knowingly that [he] . . . had an attorney at the time on given statements which he could not legal waive his right to counsel." Dkt #1, p. 31. Anderson then states "if not had the evidence been produce at trial David Dixon would not have been able to testify at trial . . . ." Id., p. 32. The Court interprets these statements to mean that Anderson believes that trial counsel should have objected to the introduction of Dixon's inculpatory testimony at trial on the basis that Dixon's initial statement to the police allegedly was made while Dixon was represented, and unable to make a statement in the absence of his attorney. Petitioner does not elaborate on this claim; nor does he support it with any legal authority. As Respondent argues, Petitioner has failed to demonstrate that Dixon's statement was taken illegally and was inadmissible, or that Dixon would not have

been able to testify at trial. Petitioner therefore cannot show either that trial counsel erred in failing to make a meritorious argument, or that he was prejudiced by trial counsel's performance in this regard.

Lastly, Petitioner claims he was denied effective assistance of counsel because his attorney allegedly failed to "investigate prosecutor's witnesses allegations." Dkt #1, p. 32. Federal habeas petitioners "must meet heightened pleading requirements" by stating all grounds for relief available to them and setting out in summary fashion the facts underlying each claim for relief. McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing Rule 2(c) of the Rules Governing Section 2254 Petitions, 28 U.S.C. foll. § 2254). "[B]ald assertions and conclusory allegations" such as these do not provide a court with sufficient information to permit a proper assessment of habeas claims. Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (citation omitted). The Court acknowledges its duty to liberally construe Petitioner's pro se filings. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Nonetheless, the Court agrees with Respondent that Petitioner's claim is too vague and conclusory to state a colorable claim for habeas corpus relief. Accordingly, it is dismissed.

**D. Harsh and Excessive Sentence**

Petitioner claims, as he did on direct appeal, that the trial court abused its discretion by imposing the maximum allowable term

for each conviction. The Appellate Division declined to modify his sentence.

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")).

Here, Anderson was sentenced to the maximum term possible for each conviction. See Petitioner's Appellate Brief at 28-29. Although he received the lengthiest sentence permissible for each conviction, none of the sentences exceeds the statutory range. Nor does his aggregate sentence, since the trial court ordered the sentences to run concurrently. Therefore, Anderson's challenge to the length of his sentences does not present a cognizable constitutional issue. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Accordingly, it is dismissed. E.g., Horton v. Ercole, 557

F. Supp.2d 308, 324-25 (N.D.N.Y. 2008) (dismissing habeas challenge to term of sentence where, although petitioner was "sentenced to the maximum term permissible for each crime, his sentence did not exceed it").

### E. Prosecutorial Misconduct

Petitioner claims that several comments made by the prosecutor during summation were prejudicial and deprived him of a fair trial. Respondent argues that the claim is unexhausted because it was never raised in state court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (A federal court may not consider the merits of a claim unless the petitioner has first given the state the "'opportunity to . . . correct' alleged violations of its prisoners' federal rights.") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)); see generally 28 U.S.C. § 2254(b). The Court agrees.

The prosecutorial misconduct claim nonetheless must be deemed exhausted but procedurally defaulted because Anderson is now procedurally barred from fully exhausting the claim in state court. He has already used the one direct appeal to which he is entitled.[1]

---

[1] By statute, New York law used to specifically provide for only a single application for direct review. Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 170 (2d Cir. 2000) (relying on former New York Rules for the Court of Appeals § 500.10(a) (discussing leave applications for criminal appeals)). Section 500.10 has since been amended, and criminal leave applications are now addressed in N.Y. R. Ct. § 500.20. Although Rule 500.20 "does not specifically state that there may be only one application for appeal, see N.Y. R. CT. § 500.20, such a restriction may be inferred," since "[b]oth Rule 500.20(d) and CPL § 460.10(5) provide a 30-day window for any such application to be filed; this time limit would be meaningless were multiple applications

-11-

Collateral review of the claim is barred because it is a matter of record that could have been raised on direct appeal, but unjustifiably was not. Returning to state court to exhaust the claims by means of another C.P.L. § 440.10 motion, therefore, would be futile. See N.Y. CRIM. PROC. LAW § 440.10(2)(c) (mandating dismissal of C.P.L. § 440.10 motion if claim could have been raised on direct review).

Petitioner's procedurally defaulted prosecutorial misconduct claim may be reviewed by this Court only if he can demonstrate either: (1) cause for the default and actual prejudice resulting therefrom, or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 485, 495 (1986). As noted above, Anderson did not submit a traverse to Respondent's opposition memorandum of law, and thus has not asserted that either cause or prejudice exists. Nor has he come forward with new, reliable evidence that he is factually innocent of the claims of which he was convicted. See Doe v. Menefee, 391 F.3d at 165 (citation omitted). Anderson therefore cannot overcome the procedural default, and the

---

permitted." Colon v. Connell, No. 07 Civ. 7169(BSJ)(JCF), 2009 WL 2002036, at *6 n. 4 (S.D.N.Y. July 9, 2009); accord, e.g., Cunningham v. Conway, 717 F. Supp.2d 339, 365 (W.D.N.Y.2010) (collecting cases). In addition, Section 500.20(a)(2) provides that the leave letter must indicate that "that no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available[.]" N.Y. R. CT. § 500.20(a)(2).

prosecutorial claim is dismissed as procedurally barred from habeas review.

IV. **Conclusion**

For the reasons discussed above, the petition (Dkt. #1) filed by Kevin Anderson is dismissed. As Anderson has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: October 22, 2012
Rochester, New York.